IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　　　　Plaintiff,<br>-against-<br><br>AUGUSTUS KIRBY, *an individual*,<br><br>　　　　　　　　Defendant. | No._____<br><br>**NOTICE OF REMOVAL**<br>From : Supreme Court, New York Co,<br>Index No 158693 /2024 |

TO: Clerk of the U.S. District Court for the Southern District of New York

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, the defendant hereby removes to this Court the state court action referred to above and described herein. Copies of this Notice of Removal are being served on plaintiff's counsel at the address listed at plaintiff's complaint filed in the Supreme Court of the State of New York, NY County.

### INTRODUCTION

1.　　On September 19, 2024, plaintiff filed the summons and complaint ("complaint") in the referenced state court ("State Court Action"). As of the date of this removal, personal service of that summons and complaint has not been effected, and no other pleadings or orders in the State Court Action have been served upon defendant. 28 USC §1446(a). Defendant became aware of the complaint in the State Court Action on or about November 18, 2024. 28 USC §1446(b) as a result of being told of a random search done by a commercial prospect. The complaint is Exhibit A hereto.

2. The complaint alleges that plaintiff is a resident of Florida and that defendant is a resident of this County and State (¶¶ 2,3) and that misconduct allegedly occurred in May 2023. The allegations are denied, and a developed record will establish by *plaintiff's own recorded words*, among other proofs, that the causes alleged are without merit, and have been brought mainly to intimidate.

### BASES FOR REMOVAL

3. This Court has jurisdiction pursuant to 28 USC §1332(a)(1), 1441(b) because greater than $75,000 exclusive of interests and costs, is at stake, because there is complete diversity of citizenship, service not having been effected (see ¶1 above and ¶¶ 7,8 below). Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.,* 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). As noted, the complaint specifically alleges that the plaintiff is a resident of Florida and defendant of Manhattan, New York (Exh A, ¶¶ 2,3). This action could have originally been filed in this Court.

4. The face of the complaint signals the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Scherer v. The Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 398 (2d Cir. 2003). (internal quotation marks and citations omitted

5. The complaint here does not specify damages. However, it specifically asserts (¶50) that "the amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction." The jurisdictional amounts of all other state courts is

$50,000[1], and practice permits recovery in the court of the State Court Action in excess of the amount demanded. See, 28 USC §1446(c)(2)(A)(ii.)

      6.      Plaintiff's claim that "the amount of damages sought herein exceeds" $50,000 all but establishes by a preponderance of evidence that the amount in controversy satisfies §1332. See, 28 USC §1446(c)(2)(B). Given that plaintiff has asserted that she will seek an amount in excess of $50,000, independent of attorney's fees coupled to the gravamen of the complaint, it is clearly probable that, and the Court may take judicial notice that in cases of this sort, the excess amount plaintiff seeks is greater than the difference between the $50,000 local jurisdictional limit and the §1332 $75,000 threshold. But, if that is not so, then let plaintiff so state. That unlikely possibility aside, the jurisdictional threshold of 28 USC §1332 (a) is clearly satisfied.

      7.      This Notice of Removal is being filed prior to the date personal service of the summons and complaint upon defendant has been effected, and within 30 days of when defendant became aware of the complaint (See ¶1 above, ¶8 below). *Gibbons v. Bristol-Myers Squibb Company*, 919 F.3d 699, 705 (2d Cir. 2019). " By its text then, Section 1441(b)(2) is inapplicable until a home state plaintiff has been served in accordance with state law." Removal is therefore timely and otherwise in accordance with 28 USC §1441(b)(2) and §1446(b).

      8.      Pursuant to 28 USC §§ 1446(a), and Local Civil Rule 81.1 eff. July 1, 2024, no process, pleadings, or orders in the State Court Action have been served upon defendant. Exhibit A filed herewith is however a true and complete copy of the summons and complaint filed in the State Court Action.

---

[1] https://www.nycourts.gov/courts/nyc/civil/general.shtml

## VENUE AND PROCEDURAL REQUIREMENTS ARE SATISFIED

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391. All of the acts alleged occurred in this District (Compl. *passim*), and the District includes New York County, New York. 28 U.S.C. § 112(b) . Thus, this action is removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).

10. This Notice of Removal does not waive any objections defendant may have to service, or any other right, defense or objection, and intends no admission of fact, of law, or of liability, expressly reserving all defenses, motions, and/or pleas). No previous application has been made for the removal requested herein.

WHEREFORE, defendant respectfully gives notice that the above-referenced civil action pending in the Supreme Court of the State of New York, New York County, is hereby removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

Dated  New York, New York
November  25, 2024

Respectfully submitted for the Defendant,

/s/ Roger W. Kirby
_____
ROGER W. KIRBY, ESQ
35 Killearn Road
Millbrook, NY 12545
646 732 1978
roger.w.kirby@gmail.com

4