SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br><br>-against-<br><br>AUGUSTUS KIRBY,<br><br>                  Defendant. | Index No.:<br><br>Plaintiff designates NEW YORK County as the place of trial<br><br>**SUMMONS**<br><br>Venue is based on the location in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. |

**TO THE ABOVE-NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 18, 2024

                          RHEINGOLD GIUFFRA RUFFO
                          PLOTKIN & HELLMAN LLP
                          *Attorneys for Plaintiff*

                          By: Thomas P. Giuffra, Esq.
                          551 Fifth Avenue, 29th Fl.
                          New York, NY 10176
                          Tel: (212) 684-1880
                          tgiuffra@rheingoldlaw.com

              **SEE DEFENDANT'S ADDRESS ON THE NEXT PAGE**

**Defendant's Address**

AUGUSTUS KIRBY
322 Central Park W #15a
New York, NY 10025

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JANE DOE, | Index No.: |
| Plaintiff, | PLAINTIFF DEMANDS TRIAL BY JURY |
| -against- | |
| AUGUSTUS KIRBY | **VERIFIED COMPLAINT** |
| Defendant. | |

Plaintiff JANE DOE complaining of the Defendant by her attorneys RHEINGOLD GIUFFRA RUFFO PLOTKIN & HELLMAN LLP respectfully alleges, upon information and belief, the following:

### NATURE OF THE ACTION

1.  This complaint is based on Defendant AUGUSTUS KIRBY's sexual assault of Plaintiff JANE DOE at his apartment located at 322 Central Park W #15a, New York, NY 10025.

### PARTIES

2.  Plaintiff JANE DOE is an adult female who currently resides in Pensacola, Florida.

3.  Defendant AUGUSTUS KIRBY is an adult male who currently resides in New York, New York.

4.  While Plaintiff was at Defendant KIRBY's apartment, she fell victim to one or more criminal sex acts in the State and City of New York. Since such criminal violation is the basis for this action, Plaintiff JANE DOE is entitled to the protection of Civil Rights Law 50-b and will file a motion asking this Court for permission to proceed using a pseudonym.

5.  Plaintiff will likewise seek a stipulation from the Defendants agreeing to enter into a protective order which will ensure that her identity is protected from the public while allowing

3

the Defendant full access to information necessary for his defense.

6. Plaintiff JANE DOE was a victim of one or more criminal sex acts in the State and City of New York committed by Defendant KIRBY including sex acts that would constitute violations of New York's criminal code, such as NY Penal Laws §130.52 and §130.55. These claims form the basis for this lawsuit.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendant because the acts and omissions complained of herein took place in New York, New York.

8. This Court has subject matter jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

9. The venue is proper pursuant to CPLR §§503 because the Plaintiff resides within New York County.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about the night of May 25, 2023, Plaintiff JANE DOE met Defendant KIRBY for the first time through mutual friends at a bar known as Martiny's located at 121 E 17th Street, New York, NY 10003.

11. Then around midnight, Plaintiff and Defendant KIRBY and their friends then went to a nightclub known as Loosies located at 145 Bowery, New York, NY 10002.

12. After Loosies the group dispersed – Defendant KIRBY left to meet up with other friends and Plaintiff went to a bar known as Juke Bar located at 196 2nd Ave, New York, NY 10003 with her friend Jessica.

13. Afterward, Defendant KIRBY reunited with Plaintiff and Jessica at Juke Bar where KIRBY brought his friend Tony with him.

14. Plaintiff and Defendant remained at Juke Bar until the bar closed around two o'clock in the morning and Defendant KIRBY suggested that the four of them go back to his apartment and have an afterparty. The four then took a taxi to KIRBY's apartment located at 322 Central Park W #15a, New York, NY 10025.

15. When the four arrived at the apartment, Defendant KIRBY made everyone, including Plaintiff, cocktails. Prior to this point, Plaintiff had only been moderately drinking – having two drinks over the span of about four hours.

16. Despite the seemingly low consumption of alcohol, about 30 minutes after consuming the drinks Defendant KIRBY had made for Plaintiff, Plaintiff blacked out. The last thing Plaintiff remembers before blacking out is making eggs in Defendant KIRBY's kitchen in his apartment. After that, Plaintiff began fading in and out of consciousness.

17. Plaintiff's friend Jessica then insisted on taking Plaintiff home, but Defendant KIRBY assured Jessica that Plaintiff would be fine staying at his place for the night.

18. Jessica and Tony then proceeded to leave the apartment and left Plaintiff and Defendant KIRBY there alone together.

19. By this point, it was about four or five o'clock in the morning on May 26, 2023.

20. The next thing Plaintiff remembers is her waking up to Defendant KIRBY having vaginal intercourse with her and aggressively pulling her hair. Plaintiff immediately resisted KIRBY's advances and told him to stop, but he did not. KIRBY continued having sex with Plaintiff even though she was clearly intoxicated and was unable/unwilling to consent.

21. After this, the next thing Plaintiff remembers is Defendant KIRBY slapping her in the face with his hand while forcing his penis into her mouth, all without her consent.

22. After this, the next thing Plaintiff remembers is Defendant KIRBY throwing her into the shower. Plaintiff was confused and unable to properly control her motor functions.

5

Plaintiff is unable to speak.

23. Defendant KIRBY then forced himself upon Plaintiff in the shower and forced Plaintiff to have anal sex with him, all without her consent.

24. After this, the next thing Plaintiff remembers is Defendant KIRBY spanking her buttocks aggressively for an extended period of time while she laid on the bed, which left severe bruising.

25. Plaintiff passed out soon after.

26. Plaintiff then suddenly awoke to Defendant KIRBY, once again, having vaginal intercourse with her, without her consent.

27. On or about May 28, 2023, Plaintiff filed a report regarding the incident with the New York City Police Department – Aided Report Number 00748 and Reporting Officer Monique Dulanto.

28. On or about May 28, 2023, Plaintiff also had a rape kit done at HCA Florida West Hospital in Pensacola, Florida.

29. Defendant KIRBY's actions were intentional, done with malice, cruelty, and/or a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights and were done in conscious disregard of the probability that the conduct would result in harm to Plaintiff's physical and emotional wellbeing. Defendant KIRBY's conduct was so outrageous, shocking, despicable, and contemptible that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard for the consequences that would follow. As a result, Plaintiff is entitled to the recovery of both compensatory and punitive damages from the Defendant.

30. By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

6

## AS AND FOR A FIRST CAUSE OF ACTION:
## SEXUAL ASSAULT

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained above as if the same were set forth more fully at length herein.

32. In committing the sexual assault described herein, Defendant KIRBY had the real and apparent ability to cause imminent harmful or offensive bodily contact to Plaintiff and intentionally did a menacing act that threatened such contact to Plaintiff, when Plaintiff was under the influence of alcohol and unable to provide consent.

33. The sexual assault and exploitation by Defendant KIRBY caused apprehension of such contact in Plaintiff.

34. The alleged conduct constitutes as sexual assault and rape.

35. The alleged conduct constituted a violation of N.Y. Pen. Law §130.52 §130.55, and §130.65 and this action to recover damages from such conduct is protected under CPLR §214-J.

36. That by committing the subject assault, defendant also violated N.Y. Pen. Law §130.35, in that defendant engaged in sexual intercourse with plaintiff by she physically helpless and unable to consent

37. As a direct and proximate result of that intentional harmful and/or offensive conduct, Plaintiff suffered general and special damages.

## AS AND FOR A SECOND CAUSE OF ACTION:
## SEXUAL BATTERY

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained above, as if the same were set forth more fully at length herein.

39. In committing the sexual assault described herein, Defendant KIRBY touched Plaintiff without Plaintiff's consent and with the intention of causing harmful or offensive bodily contact to Plaintiff.

7

40. The alleged conduct constituted battery.

41. As a direct and proximate result of that intentional harmful or offensive contact, Plaintiff suffered general and special damages.

### AS AND FOR A THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained above, as if the same were set forth more fully at length herein.

43. The Defendant KIRBY engaged in reckless, extreme, and outrageous conduct by sexually assaulting Plaintiff when Plaintiff was under the influence and unable to provide consent.

44. The Defendant KIRBY's misconduct was so shocking and outrageous that it exceeds the reasonable bounds of decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard by Defendant KIRBY of the consequences that would follow.

45. Defendant KIRBY knew that this reckless, extreme, and outrageous conduct would inflict severe emotional and psychological distress on Plaintiff, and Plaintiff did in fact suffer severe emotional and psychological distress as a result, including severe mental anguish, humiliation, and emotional and physical distress.

46. By way of this reckless, extreme, and outrageous conduct, Defendant KIRBY gained access to Plaintiff and sexually assaulted her.

### AS AND FOR A FOURTH CAUSE OF ACTION: VIOLATIONS OF N.Y. PENAL LAW §130

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained above as if the same were set forth more fully at length herein.

48. Defendant KIRBY's misconduct constitutes violations under N.Y. Pen. Law §130.35 §130.52, §130.55, and §130.65.

8

49. As a result of the subject incident, Plaintiff has sustained injury, emotional pain, and suffering, emotional distress, loss of enjoyment of life, and claims compensatory and punitive damages herein.

50. The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## JURY DEMAND

51. Plaintiff JANE DOE hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANE DOE demands judgment against the Defendant on the First, Second, Third, and Fourth Causes of Action as follows:

A. Awarding compensatory damages in an amount to be proved at trial, but in any event in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction to the extent permitted by law;
B. Awarding punitive damages to the extent permitted by law;
C. Awarding costs and fees of this action, including attorneys' fees to the extent permitted by law;
D. Awarding prejudgment interest to the extent permitted by law; and
E. Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 18, 2024

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
*Attorneys for Plaintiff*

By: _____
Thomas P. Giuffra, Esq.
551 Fifth Avenue, 29th Fl.
New York, NY 10176
Tel: (212) 684-1880
tgiuffra@rheingoldlaw.com

## ATTORNEY'S VERIFICATION

I, Thomas P. Giuffra, an attorney duly admitted to practice law in the State of New York, make the following affirmation under the penalties of perjury:

1. I am an Attorney with Rheingold Giuffra Ruffo Plotkin & Hellman LLP attorney of record for Plaintiff.

2. I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

3. This verification is made by affirmant and not by the Plaintiffs because they are not in the County of New York, which is the County where the affirmant maintains his office.

4. The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said Plaintiff, information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: September 18, 2024
New York, New York

_____
Thomas P. Giuffra