```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
OLIVIA ROBERTS,                                                         :
                                                                        :
                              Plaintiff,                                :
                                                                        :    24-CV-8984 (JMF)
               -v-                                                      :
                                                                        :    MEMORANDUM OPINION
AUGUSTUS KIRBY,                                                         :    AND ORDER
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  In this case, which was originally filed in New York State court, Plaintiff Olivia Roberts brings claims against Defendant Augustus Kirby for, *inter alia*, forcible touching and battery. ECF No. 17, ¶¶ 31-41. On November 25, 2024, Kirby filed a Notice of Removal, removing it on the ground that this Court has diversity jurisdiction. *See* ECF No. 1, ¶ 3. Kirby's Notice of Removal, however, alleged only that the amount in controversy "exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction," *id.* ¶ 8, and that it is therefore "clearly probable that" the amount in controversy exceeds $75,000, *id.* ¶ 6. On November 27, 2024, the Court entered an Order noting that these allegations did not suffice for removal and directing Kirby to show cause why the case should not be remanded. *See* ECF No. 6.

  Having reviewed the parties' filings, the Court concludes that remand is necessary because Kirby has failed to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount. It is well established that "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). Removal jurisdiction exists only if the action is one over which the federal court would have original jurisdiction, *see* 28 U.S.C. § 1441(a), and diversity jurisdiction

extends only to cases in which there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a).  Where removability turns on the amount in controversy, the Second Circuit has held that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis" for removal.  *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

Significantly, Kirby concedes that the pleadings alone do not support removal.  Instead, he relies exclusively on an oral settlement demand that Roberts's counsel made during a December 9, 2024 telephone conference between the parties' attorneys.  *See* ECF No. 18 ("Def.'s Mem."), at 2; *see also* ECF No. 18-1, ¶¶ 3-4.  Where, as here, "the pleadings are inconclusive" as to amount in controversy, it is true that "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy."  *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam).  And "[o]ne such source of evidence is settlement offers, when offered in good faith."  *Nunez v. JPMorgan Chase Bank, N.A.*, No. 23-CV-7569 (PAE), 2024 WL 244624, at *3 (S.D.N.Y. Jan. 23, 2024).  But "district courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal."  *Hogue v. BJ's Wholesale Club*, No. 22-CV-4829 (PMH), 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022) (collecting cases); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (holding that "the removal clock does not start to run until the plaintiff serves the defendant *with a paper* that explicitly specifies the amount of monetary damages sought" (emphasis added)); 28 U.S.C. § 1446(b)(3) (providing that "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion

order[,] *or other paper* from which it may first be ascertained that the case is one which is or has become removable" (emphasis added)); *see also Jean v. Home Depot U.S.A., Inc.*, No. 24-CV-371 (OEM) (LB), 2024 WL 4263937, at *3 (E.D.N.Y. Sept. 23, 2024) (collecting cases holding that an "oral settlement demand is not a 'copy of an amended pleading, motion, order or other paper'" within the meaning of 28 U.S.C. § 1446(b)(3)).[1]

For these reasons, and given Congress's mandate to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the Court concludes that Kirby's allegations are insufficient to support subject-matter jurisdiction. Accordingly, it is hereby ORDERED that this action is REMANDED to the Supreme Court of New York, New York County. The Clerk of Court is directed to remand this case and to close the case on this Court's docket.

SO ORDERED.

Dated: January 17, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Even if oral settlement demands could be sufficient for removal, courts have repeatedly cautioned that "[s]ettlement demands are not reliable indicators of the amount in controversy, particularly where the notice of removal provides no information regarding the context of the settlement demand, or how plaintiff arrived at the sum demanded, as is the case here." *Jean v. Home Depot U.S.A., Inc.*, No. 24-CV-371 (OEM) (LB), 2024 WL 1530938, at *2 (E.D.N.Y. Feb. 27, 2024) (internal quotation marks omitted); *see Elzoghary v. Zelaya-Monge*, No. 23-CV-5353 (DLI) (PK), 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (collecting cases); *Est. of Gallo v. Bob Evans Rest.*, No. 17-CV-118 (LJV) (JJM), 2018 WL 4932083, at *1 (W.D.N.Y. July 27, 2018) (noting that "settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages" (cleaned up)).